ELECTRONICALLY FILED
11/5/2014 2:15 PM
03-CV-2014-901845.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

| | |
|---|---|
| MAXIMUM EFFICIENCY SQUARED, LLC | * |
| Plaintiff(s), | * |
| v. | *   CASE NO. _____ |
| SAMSARA WORKS CORPORATION, | * |
| a Georgia corporation, | * |
| KRISHNA DONIPARHI, M.D. | * |
| Defendant(s). | * |

## COMPLAINT

### COUNT I

The Plaintiff(s) claims of the Defendant(s) SAMSARA WORKS CORPORATION and KRISHNA DONIPARHI, M.D. the sum of $102106.42 due on account stated on to-wit: 03/02/2012, plus interest of $10322.54 accrued through the date of filing and subsequent interest at the contract rate or 7.5000% until date of judgment.

WHEREFORE, Plaintiff(s) demands judgment against the Defendant(s) for the sum of $112428.96 plus interest and costs.

### COUNT II

The Plaintiff(s) claim of the Defendant(s) SAMSARA WORKS CORPORATION and KRISHNA DONIPARHI, M.D. the sum of $102106.42 due for work and labor done for the Defendant(s) by the Plaintiff(s) to-wit: 03/02/2012 plus interest of $10322.54 accrued through the date of filing and subsequent interest at the contract rate or 7.5000% until date of judgment.

WHEREFORE, Plaintiff(s) demands judgment against the Defendant(s) for the sum of $112428.96 plus interest and costs.

### COUNT III

The Plaintiff(s) claims of the Defendant(s) SAMSARA WORKS CORPORATION and KRISHNA DONIPARHI, M.D. the sum of $102106.42 together with interest thereon of $10322.54 accrued through the date of filing and subsequent interest at the contract rate or 7.5000% until date of judgment due by written contract made on 03/02/2012 and now past due.

FURTHER, Plaintiff(s) claims of the Defendant(s) the sum of $34001.44 as a reasonable attorney's fee which Defendant(s) agreed to pay by virtue of a clause contained in said contract.

WHEREFORE, Plaintiff(s) demands judgment against the Defendant(s) for the sum of $146430.40 plus interest and costs thereon.

Respectfully submitted this the 5th day of November 2014.

CHAMBLESS MATH ❖ CARR, P.C.

/s/ Mark N. Chambless
MARK N. CHAMBLESS (CHA013)
Attorney for Plaintiff

OF COUNSEL:
CHAMBLESS MATH ❖ CARR, P.C.
Post Office Box 230759
Montgomery, Alabama 36123-0759
(334) 272-0344
495247.001

# ADMINISTRATIVE SERVICES ONLY AGREEMENT

This Administrative Services Only Agreement ("Agreement") is entered into by and between Maximum Efficiency Squared LLC, an Alabama limited liability corporation (MaxE$^2$) and <u>Samsara Works Corporation</u> ("Client") on the following terms and conditions

**A.** **Commencement and Term.** The term of this Agreement will commence upon receipt of the fully executed agreement by both parties and continue thereafter for a period of one (1) year unless sooner terminated in accordance with the terms set forth herein. At the conclusion of the initial term, this Agreement shall automatically renew for additional one (1) year periods unless terminated. MaxE$^2$ or Client may terminate this Agreement at any time by providing thirty days advance written notice of cancellation to the other party.

**B.** **Scope of Agreement.** Pursuant to this Agreement, and in exchange for valid and valuable consideration, MaxE$^2$ shall provide to Client: Human Resource Administration, Payroll Services, Benefits Administration, and Workers Compensation Consulting, as set forth and limited herein.

**C.** **Human Resource Administration.** MaxE$^2$ shall provide client with Human Resource support. This includes providing written policies, compliance guidance, and active administration of general Human Resource programs

**D.** **Payroll Services.** MaxE$^2$ shall process Client's payroll based upon accurate wage and hour data timely provided by Client. The payroll administration services include payroll processing and delivery of paychecks, payroll report preparation, tax remittance, quarterly tax reporting, and Form W-2 processing. Client retains financial responsibility for the calculation and payment of wages. Wages shall be paid by MaxE2 after collection from Client's Account, then wages will be reported under Client's own tax identification number(s). To the extent required by law, Client agrees to provide MaxE$^2$ with power of attorney authorizing it to file tax reports with the appropriate taxing authorities.

**E.** **Benefits Administration.** MaxE$^2$ shall provide general administrative and clerical services for the deployment of the Client's Employee Benefits and Welfare programs. The programs may include but are not limited to Health, Dental, Vision and Life Insurance, Retirement Plans, and other supplemental insurance plans

**F.** **Workers' Compensation Consulting.** MaxE$^2$ shall provide general administrative and clerical services for the purpose of securing and managing the Client's Workers' Compensation Insurance policy. Client acknowledges that MaxE2 is not a workers' compensation insurance provider, carrier, or broker, and that as such MaxE2 may not be subject to certain laws and regulations governing same.

**D.** **MaxE$^2$ Fee Schedule.**

1. Client agrees to pay an initial one time set-up fee of $300.00 dollars at the inception of this Agreement.

2. Client agrees to pay to MaxE$^2$ a monthly fee of 4% of Gross Payroll payable at time of payroll run.

Error! Unknown document property name.

3. Other charges will be applied in the event Client requests additional services or materials or as applicable in the attached Schedule A.

4. Client shall pay fees and charges owed to MaxE$^2$ by direct withdrawal from Client's account as set forth in this Agreement

5. MaxE$^2$ reserves the right to modify this fee schedule after providing Client with advanced written notice of 30 days.

E. Obligations of MaxE$^2$. MaxE$^2$ shall, at the request of Client, provide payroll services. MaxE$^2$ does not intend to, nor does it, offer legal advice to Client, nor does this Agreement create an employment relationship between MaxE$^2$ and Client's employees  The services provided hereunder do not create an attorney-client relationship. Client agrees that it will obtain legal advice from an attorney when necessary. No services other than those set forth herein shall be provided or implied. MaxE$^2$ is not an employer of any of Client's employees, nor does this Agreement create any rights for any third parties including Client's employees. MaxE$^2$ assumes no responsibility or liability for Client's relations with its employees. Client retains the exclusive right and responsibility to hire, fire, discipline, evaluate, train, compensate, equip, direct, control, and supervise Client's employees. Client is solely responsible for the work product, services, conduct, and actions of Client's employees, and MaxE$^2$ is in no way involved in the day-to-day decision-making and/or responsibilities associated with the Client's business/practice and/or client/patient care of Client's profession. Client retains the sole responsibility and liability of decisions and/or actions associated with Client's profession and fully indemnifies MaxE$^2$ against any and all liability and responsibility associated with Client's duties.

F. Obligation of Client. Client shall, on a timely basis, provide accurate information to MaxE$^2$ to facilitate MaxE$^2$'s provision of service hereunder, including but not limited to, accurate information concerning: (1) payroll data (e.g., hours worked, rates of pay, exempt status, termination dates, etc.; (2) employee duties and responsibilities; and (3) other relevant personnel data. Client shall timely report to MaxE$^2$, in writing and via facsimile, hours and earned pay information in sufficient time to permit the preparation of payroll checks for Client's employees. Client agrees that it shall be solely responsible for classifying its employees properly as exempt or non-exempt and for the accuracy of records necessary for MaxE$^2$ to provide services hereunder.

G. Billing and Payment. Not later than three (3) business days prior to the issue of paychecks, Max E$^2$ shall prepare and deliver to Client a billing statement for the applicable period. Client shall notify MaxE$^2$ in writing of any claimed billing errors within three (3) days of receipt of billing. Failure to notify MaxE$^2$ of errors within said time period shall constitute acceptance of the accuracy of the billing and shall be a waiver of any claims with respect to said billing. Client hereby authorizes payment by the following method: no later than two (2) business days prior to the issue of paychecks, Max E$^2$ shall initiate a direct withdrawal from Client's designated account in the total amount of the billing. If for any reason an invoice is not paid when due, the client is subject to either late fees as covered in Schedule A, and/or, the immediate termination of the agreement for non-payment.

H. Indemnification. Client shall indemnify, hold harmless and defend MaxE$^2$, its employees, officers, directors, shareholders, agents and each of them, from any and all demands, claims, actions, damages, liabilities and costs (including attorneys' and arbitrators' fees) without limit and without regard to the cause or causes thereof or the negligence or liability of Client, arising out of or relating to (1) Client's misclassifications of employees as exempt or

Dr. Donipanthi ASO                                           2

non-exempt; (2) Clients mistakes as to numbers of hours worked and rates of pay; (3) Client's mistakes related to employee termination dates; (4) Client's failure to tender paychecks in a timely manner; (5) improper or inaccurate deductions; (6) Client's breach of any representation, warranty, or obligation hereunder, (7) the operation of Client's business, (8) the action, employment or termination of any employee or former employee of Client including intentional torts, (9) medical liabilities and malpractice in the case of physicians, or workplace safety and health violations, or (10) the failure of Client to comply with any law, rule or regulation applicable to its business, employees or premises. This indemnity shall specifically include any action in which MaxE$^2$ may have an obligation to defend or indemnify for costs or damages incurred in litigation arising out of this subscription agreement. For the purposes of this Agreement, Client's business shall specifically be deemed to include, without limitation, all activities in which employees are engaged arising out of or in connection with the services being rendered by them for Client. Client's indemnification obligations hereunder shall survive the termination of this Agreement.

     I.     **Representations and Warranties.** Client represents and warrants as follows: (1) All information provided by Client pursuant hereto, including, but not limited to employee lists, rates of pay, job descriptions and classifications, exempt/non-exempt status, approved deductions, compensation benefits and time reports is and shall be true and correct. (2) All services and materials provided to Client by MaxE$^2$ are the property of and for the exclusive private and confidential use of MaxE$^2$ and its Clients. Neither the materials nor the information contained therein will be disseminated by Client to non-client companies or individuals.

     J.     **Dispute Resolution.** Except for claims for non-payment of fees for services provided pursuant to this Agreement, and claims for injunctive relief, in the event of any claim, dispute or controversy ("Claim") arising out of or relating to the interpretation, performance and/or breach of this Agreement, the parties agree that any claim which would otherwise require or allow resorting to any court or other governmental dispute resolution forum between Client and MaxE$^2$ shall be submitted to mediation and if not resolved by mediation determined exclusively by binding arbitration. With respect to arbitration, The Federal Rules of Civil Procedure and Evidence shall apply and the arbitrator shall be a retired state or federal judge. To the extent applicable in federal civil actions, the following shall apply and be observed: all rules of pleading (including the right to file a motion to dismiss and motion to strike); all rules of evidence; and all rights to resolution of the dispute by means of motions for summary judgment, summary adjudication, and judgment on the pleadings. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pled, and the arbitrator may not invoke any basis other than such controlling law. Awards exceeding fifty thousand dollars ($50,000.00) shall include the arbitrator's written opinion providing reasoned explanations for the decision, and at either party's written request within ten (10) days after issuance of the award, shall be subject to reversal and remand, modification, or reduction following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, proceed according to the law and procedures applicable to appellate review by the federal courts of appeal regarding a civil judgment following court trial. The venue for mediation/arbitration shall be in __the State of Georgia__.

I certify that I have read and agree with the terms of this Agreement and that the above information is true and correct.

In witness whereof, and intending to be legally bound thereby, each party has executed this Agreement on this __2nd__ day of __March__, 201_2_.

| CLIENT | MAXIMUM EFFICIENCY SQUARED LLC |
|---|---|
| By: _Krishna Doniparthi_ | By: _[signature]_ |
| Title: _President_ | Title: _President_ |

THIS AGREEMENT WILL NOT COMMENCE UNTIL SIGNED BY BOTH PARTIES

| Invoice Number | Invoice Date | Invoice Amount | Payment Date | Payment Amount | Balance |
|---|---|---|---|---|---|
| 1 | 3/9/2012 | $ 3,383.45 | 3/8/2012 | $ 3,383.45 | $ - |
| 2 | 3/9/2012 | $ - | | $ - | $ - |
| 3 | 3/23/2012 | $ 11,047.56 | 3/29/2012 | $ 11,047.56 | $ - |
| 4 | 4/6/2012 | $ 9,926.65 | 4/20/2012 | $ 9,926.65 | $ - |
| 5 | 4/20/2012 | $ 10,199.86 | 4/20/2012 | $ 1,120.91 | $ 9,078.95 |
| | | | 5/3/2012 | $ 422.99 | $ 8,655.96 |
| | | | 5/3/2012 | $ 8,655.96 | $ - |
| 6 | 5/4/2012 | $ 9,783.53 | 5/3/2012 | $ 9,415.95 | $ 367.58 |
| 7 | 5/4/2012 | $ 426.96 | 5/17/2012 | $ 367.58 | $ 426.96 |
| | | | 5/17/2012 | $ 426.96 | $ - |
| 8 | 5/18/2012 | $ 11,052.26 | 6/7/2012 | $ 452.01 | $ 10,600.25 |
| | | | 6/7/2012 | $ 8,000.00 | $ 2,600.25 |
| | | | 6/12/2012 | $ 794.54 | $ 1,805.71 |
| 9 | 6/1/2012 | $ 10,729.91 | | | $ 12,535.62 |
| 10 | 6/15/2012 | $ 10,528.39 | | | $ 23,064.01 |
| 11 | 6/29/2012 | $ 10,780.18 | 7/11/2012 | $ 7,078.00 | $ 26,766.19 |
| 12 | 7/13/2012 | $ 10,181.60 | | | $ 36,947.79 |
| 13 | 7/13/2012 | $ 326.09 | | | $ 37,273.88 |
| 14 | 7/27/2012 | $ 11,088.10 | | | $ 48,361.98 |
| 15 | 8/10/2012 | $ 10,696.19 | 7/25/2012 | $ 2,600.25 | $ 56,457.92 |
| 16 | 8/24/2012 | $ 10,900.14 | 8/31/2012 | $ 7,021.66 | $ 60,336.40 |
| 17 | 9/7/2012 | $ 10,363.13 | 9/5/2012 | $ 10,363.13 | $ 60,336.40 |
| 18 | 9/21/2012 | $ 8,776.13 | 9/30/2012 | $ 3,510.83 | $ 65,601.70 |
| 19 | 10/5/2012 | $ 8,864.18 | | | $ 74,465.88 |
| 20 | 10/19/2012 | $ 9,349.36 | | | $ 83,815.24 |
| 21 | 11/2/2012 | $ 9,775.09 | 10/31/2012 | $ 8,000.00 | $ 85,590.33 |
| 22 | 11/16/2012 | $ 7,317.75 | | | $ 92,908.08 |
| 23 | 11/16/2012 | $ 1,405.86 | | | $ 94,313.94 |
| 24 | 11/30/2012 | $ 8,695.72 | | | $ 103,009.66 |
| 25 | 12/14/2012 | $ 8,307.59 | | | $ 111,317.25 |
| 26 | 12/28/2012 | $ 2,598.99 | 12/24/2012 | $ 2,598.99 | $ 111,317.25 |
| | | | 1/2/2012 | $ 7,800.00 | $ 103,517.25 |
| | | | 1/8/2012 | $ 1,501.03 | $ 102,016.22 |
| 27 | 1/11/2013 | $ 1,698.97 | 1/11/2013 | $ 1,698.97 | $ 102,016.22 |
| 28 | 1/25/2013 | $ 1,794.19 | 1/23/2013 | $ 1,794.19 | $ 102,016.22 |
| 29 | 2/8/2013 | $ 1,829.00 | 2/7/2013 | $ 1,300.00 | $ 102,545.22 |
| | | | 2/8/2013 | $ 529.00 | $ 102,016.22 |

| Samsara Works Corporation ||| 
|---|---|---|
| Breakout of Charges as of 12/21/2012 |||
| Date | Invoice# | Amount of Invoice |
| 7/13/2012 | 12-Amount Remaining | $ 6,514.02 |
| 7/13/2012 | 13 | $ 326.09 |
| 7/27/2012 | 14 | $ 11,088.10 |
| 8/10/2012 | 15 | $ 10,696.19 |
| 8/24/2012 | 16 | $ 10,990.14 |
| 9/21/2012 | 18 | $ 8,776.33 |
| 10/5/2012 | 19 | $ 8,864.18 |
| 10/19/2012 | 20 | $ 9,349.36 |
| 11/2/2012 | 21 | $ 9,775.09 |
| 11/16/2012 | 22 | $ 7,317.75 |
| 11/16/2012 | 23 | $ 1,405.86 |
| 11/30/2012 | 24 | $ 8,695.72 |
| 12/14/2012 | 25 | $ 8,307.59 |
| | Total Due | $ 102,106.42 |